In the Matter of Bonifacio
LOPEZ, Appellee,

v.

BENEFICIAL MUTUAL SAVINGS
BANK, Appellant.

Civ. A. No. 87–5312.

United States District Court,
E.D. Pennsylvania.

Jan. 27, 1988.

713

Michael Fox, Community Legal Services, Inc., Philadelphia, Pa., for appellee.

Kevin R. Boyle, Philadelphia, for appellant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

This appeal from the Order of the United States Bankruptcy Court for the Eastern District of Pennsylvania dated July 22, 1987, Bankruptcy Number 86–052245, Adversary Number 87–02875, 75 B.R. 961, requires me to consider the method of valuation of a mortgagee's allowed secured claim under 11 U.S.C. § 506(a) where the subject property is the debtor's residence and where the debtor intends to retain the residence as his home.[1]

■ Appellant, Beneficial Mutual Savings Bank, holds a mortgage on the premises. The mortgage is secured by the Federal Housing Administration. The parties have stipulated that the fair market value of the premises is $1,000. The City of Philadelphia holds a senior lien in the amount of $802.21. Therefore, if the fair market value is used for valuation, Beneficial's allowable secured claim is $197.79;

the balance of its claim against the estate is unsecured.

Beneficial contends that the criterion for valuing its allowable secured claim should not be the market value of the property, but the value which it would have received pursuant to FHA regulations if it were permitted to foreclose and transfer title to the Secretary of Housing and Urban Development.

I have carefully reviewed the memoranda submitted by the parties and the opinion of the Bankruptcy Judge. For the reasons stated in the opinion of the Bankruptcy Judge, I will affirm.

However, I wish to address certain policy arguments raised by Beneficial on this appeal. As appellant points out, the congressional purpose behind the National Housing Act was to provide a decent home to every family. The bankruptcy plan approved in this case furthers that goal by permitting the debtor to remain in his home.

■ The result in this case will not, as appellant suggests, cause the collapse of the FHA program. When a lender accepts a mortgage, it assumes two types of risk. The first is the possibility that the debtor, in good or bad faith, will not fulfill his obligation to repay that loan. The second risk is that the collateral which secures that loan will decrease in value. It is because the second risk has become reality that Beneficial is unable to realize the full amount of its claim against the debtor. In the absence of a clear expression of contrary intent, I must assume that Congress, in establishing the FHA program, did not intend to protect lenders against loss in market value in this situation.[2]

---

1. This issue arises because the market value of the property has fallen significantly below the amount of the mortgage.

2. Indeed, Congress provided that the principal obligation of the mortgage was not to exceed the sum of (i) 97 per centum of the first $25,000 of

the appraised value of the property, as of the date the mortgage is accepted for insurance, and (ii) 95 per centum of such value in excess of $25,000. 12 U.S.C.A. § 1709(b)(2). This careful limitation on the Secretary's authority recognizes that a decrease in the value of the collat-

eral was possible, and reflects the view that Congress did not intend to assume that risk.