**In re Kevin J. HECKMAN, Sr. and Carol D. Heckman, Debtors.**

**Kevin J. HECKMAN, Sr. and Carol D. Heckman, Plaintiffs,**

v.

**MERIDIAN BANK and Frederick L. Reigle, Trustee, Defendants.**

**Bankruptcy No. 93–20559T.**

**Adv. No. 93–2083.**

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 4, 1994.

Frederic R. Baker, Asst. U.S. Trustee, Philadelphia, PA, for U.S. Trustee's Office.

Frederick L. Reigle, Reigle & Gellert, P.C., Reading, PA, Trustee.

Daniel J. Poruban, Bingaman, Hess, Coblentz, Reading, PA, for Meridian Bank.

Dexter K. Case, Reading, PA, for debtors.

## MEMORANDUM OPINION AND ORDER

JOSEPH L. COSETTI, Chief Judge.

On or about February 25, 1993, Kevin and Carol Heckman ("Debtors") filed the above-captioned adversary complaint against Meridian Bank ("Meridian") to determine the validity, priority and extent of Meridian's secured status pursuant to 11 U.S.C. §§ 502 and 506. On December 13, 1993, a telephone pre-trial conference was held between counsel and the Court. At that time both counsel agreed to submit briefs on the preliminary

issue of whether a clause in Meridian's mortgage which takes a security interest not only in the Debtors' personal residence but also in any assignment of rents, places the mortgage beyond the scope of 11 U.S.C. § 1322(b)(2).

Section 1322(b)(2) provides as follows:

(b) Subject to subsections (a) and (c) of this section, the plan may—

(2) modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property* that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims; ... (emphasis added).

In *Nobleman v. American Savings Bank,* — U.S. —, —, 113 S.Ct. 2106, 2111, 124 L.Ed.2d 228 (1993), the Supreme Court held that 11 U.S.C. § 1322(b)(2) prohibits the use of 11 U.S.C. § 506(a) to "strip down" the lien of a mortgagee to the value of the mortgaged real estate where "the lender's claim is secured only by a lien on the debtor's residence."

The Debtors argue that the inclusion of the phrase "rents of the premises" in the mortgage clearly grants Meridian an interest in collateral other than real property, thus disqualifying Meridian from claiming the anti-modification protection provided by § 1322(b)(2). In support of their argument, the Debtors cite to the following cases: *Hammond v. Commonwealth Mortgage Company of America (In re Hammond),* 156 B.R. 943 (E.D.Pa.1993); *Sapos v. Provident Inst. of Sav.,* 967 F.2d 918 (3rd Cir.1992); *Taras v. Commonwealth Mortgage Corp. of America (In re Taras),* 136 B.R. 941, 951 (Bankr.E.D.Pa.1992); *Hirsch v. Citicorp Mortgage Corp. (In re Hirsch),* 155 B.R. 688, 690 (Bankr.E.D.Pa.1993) and *Wilson v. Commonwealth Mortgage Corp.,* 895 F.2d 123 (3rd Cir.1990).

Meridian asserts that all of the cases relied upon by the Debtors can be distinguished from the instant case. Specifically, Meridian believes that the cases cited above are distinguishable because much of the additional collateral subject to the various mortgages in each case were items not "traditionally" related to the debtor's principal residence, i.e. fixtures, appliances, etc. Although this may be true, Meridian fails to emphasize the fact that in addition to the "nontraditional" collateral items subject to these various mortgages, the word "rents" is also included.

Meridian also asserts that *In re Hirsch,* a recent bankruptcy decision by the Eastern District of Pennsylvania, should not be followed by this Court because it was erroneously decided and maintains a flawed rationale. Meridian argues that this Court should recognize the common law interests of a mortgagee bank in rents and any assignment of rents, and that the interest in "rents" stem from Pennsylvania common law.

This Court believes that Meridian's arguments have merit if the standard were one of logic. However, the standard is the interpretation of a statute and the Court of Appeals precedents. This Court is bound by the Third Circuit's decision in *In re Sapos,* 967 F.2d 918 (3rd Cir.1991). In *In re Sapos,* the bank's mortgage gave the bank a security interest not only in real property, but also in certain personal property and importantly, enumerated rents. *Id.* at 922. The Third Circuit held that the Chapter 13 debtor could strip down a mortgage lien when rents, among other things, were included as additional security in the mortgage.

The instant case concerns a mortgage document that also includes rents as collateral. Rents are *not* real property. Rents take the mortgage out of the provision of § 1322(b)(2) for anti-modification protection. Therefore

ON THIS 4 day of February, 1994, it is hereby ORDERED, ADJUDGED and DECREED that the mortgage between the Debtors and Meridian, which includes rents as collateral in addition to the Debtors' personal residence, does not qualify under § 1322(b)(2) and can be modified by the Debtors. It is further

ORDERED that each party must prepare and submit to the Court the report of expert appraisers on the value of the subject property on or before March 8, 1994. A new trial schedule will be issued by the Court. It is further

ORDERED that this memorandum and order constitute a partial judgment and is

interlocutory. These conclusions of law will be included in the final memorandum and order.