**Helen T. HUTCHINS, Appellee,**

v.

**COMMONWEALTH MORTGAGE CORP., Appellant.**

Civ. A. No. 93–4370.
Bankruptcy No. 92–17248S.

United States District Court,
E.D. Pennsylvania.

March 17, 1994.

---

Jane B. Mac Elhenney, Philadelphia, PA, for Helen T. Hutchins.

Joan P. Brodsky, Federman and Phelan, Philadelphia, PA, for Commonwealth Mortgage Corp.

Edward Sparkman, Philadelphia, PA, Trustee, pro se.

Frederick J. Baker, Philadelphia, PA, Asst. U.S. Trustee, pro se.

## MEMORANDUM

JAMES McGIRR KELLY, District Judge.

Presently before the Court is a bankruptcy appeal in the above captioned case. The appellant-mortgagee, Commonwealth Mortgage Corporation, ("Commonwealth") has appealed the Bankruptcy Court's July 9, 1993 Order, which limited its secured claim against appellee-debtor, Helen T. Hutchins, to $25,000.00. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a).

## FACTUAL BACKGROUND

Commonwealth holds a purchase money mortgage on Hutchins' home, which she purchased in 1982. Commonwealth also has an additional security interest in:

> any and all appliances, machinery, furniture and equipment (whether fixtures or not) of any nature whatsoever now or hereafter installed in or upon said premises. . . .

On November 24, 1992, Hutchins filed a Chapter 13 bankruptcy claim in the Eastern District of Pennsylvania. Commonwealth subsequently filed a Proof of Claim form with the Bankruptcy Court, asserting a secured claim in the amount of $44,160.40.[1] Hutchins then filed an adversary proceeding against Commonwealth, seeking to limit Commonwealth's allowed secured claim to the fair market value of the mortgaged premises by bifurcating the claim into secured and unsecured claims pursuant to 11 U.S.C. § 506.

The parties stipulated to a fair market value of the mortgaged premises of $25,000.00 and to the fact that the Court of Common Pleas of Philadelphia entered judgment in a foreclosure action. The Stipulation was submitted to the Bankruptcy Court, and on July 9, 1993, the Bankruptcy Court entered judgment in favor of Hutchins. The Court bifurcated Commonwealth's claim into a secured claim of $25,000.00 and an unsecured claim of $19,284.81, pursuant to 11 U.S.C. § 506(a). *See Hutchins v. Common-*

---

1. Commonwealth's claim consists of the following:

| | |
|---|---|
| Principal | $14,470.74 |
| Interest to the date of bankruptcy | 14,742.12 |
| Late Charges | 1,015.27 |
| Escrow deficit | 10,333.51 |
| Mortgage foreclosure expenses | 3,487.96 |
| Total: | $44,160.40 |

*wealth Mortgage Corp.,* No. 92–17248S, 1994 WL 107605 (Bankr.E.D.Pa., July 9, 1993), Record on Appeal, at Tab 2. The Bankruptcy Court specifically found that the facts were indistinguishable from those of *In re Hammond,* 156 B.R. 943 (E.D.Pa.1993), and that all relevant issues had been discussed in that opinion. The *Hammond* court had held that a Chapter 13 debtor could bifurcate a mortgagee's claim secured by collateral in addition to the real property covered in the mortgage. *Id.* at 948.

Commonwealth has appealed the Bankruptcy Court's order on two grounds. Its first argument is that the 11 U.S.C. § 1322(b)(2) anti-modification clause should apply to a mortgagee's claim that is secured by more than a security interest in the mortgagor's principal residence, thereby precluding bifurcation of the mortgagee's claim. Commonwealth also argues that the mortgage foreclosure judgment precludes reliance on mortgagee's additional security provision due to the doctrine of merger.

## DISCUSSION

### 1. Scope of Review on Appeal

The case was submitted on a stipulated record; thus, there were no findings of fact by the Bankruptcy Court. The issues before the Court relate to statutory interpretation and conclusions of law. Therefore, the scope of this Court's review is plenary. *Sapos v. Provident Inst. of Sav.,* 967 F.2d 918, 922 (3d Cir.1992); *Brown v. Pennsylvania State Employees Credit Union,* 851 F.2d 81, 84 (3d Cir.1988).

### 2. Modification of a Claim Secured by a Homestead Mortgage

This dispute involves the interplay of two Bankruptcy Code provisions: 11 U.S.C. § 506(a) and 11 U.S.C. § 1322(b)(2). Chapter 13 of the Bankruptcy Code permits eligible individuals with regular income to repay their debts through a repayment plan approved by a bankruptcy court. Section 1322 describes these repayment plans. Section 1322(b)(2), which contains a specific provision concerning modification of the rights of hold-

ers of secured and unsecured claims, provides that a plan may:

> (2) modify the rights of holders of secured claims other than a claim secured *only by a security interest in real property that is the debtor's principal residence,* or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

11 U.S.C. § 1322(b)(2) (emphasis added). Section 506(a) defines allowed secured and allowed unsecured claims in bankruptcy. It provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

11 U.S.C. § 506(a). The Supreme Court has summarized this section in a frequently quoted statement: "Subsection (a) of 506 provides that a claim is secured only to the extent of the value of the property on which the lien is affixed; the remainder of that claim is unsecured." *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 239, 109 S.Ct. 1026, 1029, 103 L.Ed.2d 290 (1989).

The issue presented in this appeal is whether § 1322(b)(2) precludes a debtor from relying on § 506(a) to modify the unsecured portion of an undersecured homestead mortgage claim.

The Court of Appeals for the Third Circuit held, in two cases, that debtors could invoke section 506(a) to bifurcate an undersecured homestead mortgage claim into secured and unsecured claims, based on the fair market value of the residence at the time of modification. *Sapos v. Provident Inst. of Sav.,* 967 F.2d 918, 928 (3d Cir.1992); *Wilson v. Commonwealth Mortgage Corp.,* 895 F.2d 123, 128 (3d Cir.1990). In both cases, the Court of Appeals grounded its holding on two alternative bases. The Court first held that the actual language of 11 U.S.C. 1322(b)(2) does

not preclude the modification of the unsecured portion of an undersecured mortgage debt. *Sapos,* 967 F.2d at 926; *Wilson,* 895 F.2d at 128. Alternatively, the Court held that the anti-modification does not preclude bifurcation because the mortgages were secured not only by realty, but by personalty. *Sapos,* 967 F.2d at 925; *Wilson,* 895 F.2d at 128.

In a recent decision, the United States Supreme Court overruled the first holding of *Wilson* and *Sapos.* *Nobelman v. American Sav. Bank,* — U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). Contrary to the Third Circuit, the Supreme Court interpreted the language of section 1322(b)(2) as prohibiting a Chapter 13 debtor from relying on section 506(a) to reduce an undersecured homestead mortgage to the fair market value of the mortgaged residence when the lender's claim is secured only by a lien on the debtor's principal residence. *Id.*

The impact of *Nobelman* on the alternative holdings of *Wilson* and *Sapos,* that claims secured by personalty as well as realty do not fall within § 1322(b)(2)'s anti-modification provision, is less clear. The mortgagee's claim in *Nobelman* was secured by more than a security interest in real property.[2] The district court in *Nobelman* found the debtors' contention that the additional security interest removed the case from the anti-modification provision to be without merit. *In re Nobelman,* 129 B.R. 98, 104 (N.D.Tex. 1991), *aff'd, In re Nobelman,* 968 F.2d 483 (5th Cir.1992), *aff'd, Nobelman v. American Sav. Bank,* — U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). However, neither the Court of Appeals for the Fifth Circuit nor the Supreme Court analyzed the effect of the additional security interest on § 1322(b)(2).

Commonwealth argues that since the Supreme Court ignored the additional security interest in *Nobelman,* it is of no significance in this case. Commonwealth further contends that the additional security interest is meaningless boilerplate, and it is unrealistic for a court to rely upon a bare security interest to remove residential real property

from the protection of § 1322(b)(2). Finally, Commonwealth argues that it is contrary to Congress' intent of providing special protection to long-term residential mortgagees to consider the additional security interest so significant as to remove the mortgage from the protection of § 1322(b)(2).

█ The Bankruptcy Court relied on the opinion of Judge Lowell Reed in the factually indistinguishable case of *In re Hammond,* 156 B.R. 943 (E.D.Pa.1993). Judge Reed found that "in view of the Supreme Court's reticence, principles of stare decisis command this Court to follow the law set forth by the Court of Appeals for the Third Circuit." *Id.* at 947 (citing *Litman v. Massachusetts Mut. Life Ins. Co.,* 825 F.2d 1506, 1508 (11th Cir.1987) (where there is no contrary Supreme Court decision, district courts are compelled to follow mandates of appellate courts), *cert. denied,* 484 U.S. 1006, 108 S.Ct. 700, 98 L.Ed.2d 652 (1988). Judge Reed held that, even though *Nobelman* clearly invalidates the Third Circuit's first holding in *Sapos* and *Wilson,* "the additional security interest described in the mortgage here, which is identical to the additional security interest in the mortgage at issue in *Wilson,* removes Commonwealth's claim from the ambit of the anti-modification clause of section 1322(b)(2)." *Hammond,* 156 B.R. at 948. I find Judge Reed's reasoning sound.

Accordingly, section 1322(b)(2) does not apply to Commonwealth's claim, and I will affirm the Bankruptcy Court's decision to bifurcate Hutchins' claim into secured and unsecured components.

### 3. Doctrine of Merger

Commonwealth's second argument is that the mortgage foreclosure judgment precludes reliance on the mortgage's additional security provisions due to the doctrine of merger. Specifically, it argues that the additional security provision merges into the judgment. Therefore, any claim that there is additional security other than that on the realty itself is unfounded, and *Nobelman* controls the dispo-

---

**2.** The additional security interest in *Nobleman* was in an "undivided .67% interest in the common areas of the condominium complex, escrow funds, proceeds of hazard insurance and rents." *In re Nobleman,* 129 B.R. 98, 99 (N.D.Tex.1991).

sition. Hutchins responds with two arguments. She first claims that the Court should reject the merger argument because Commonwealth has waived it by failing to raise it in Bankruptcy Court. She also argues that it is wrong as a matter of law. Because I find that Commonwealth waived the merger argument by failing to raise it before the Bankruptcy Court, I will not reach the merits of the merger issue.

■ As a general rule, a court should refuse to consider an issue that is raised for the first time on appeal. *Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); *Salvation Army v. New Jersey Dept. of Community Affairs,* 919 F.2d 183, 196 (3d Cir.1990). This is "essential in order that parties may have the opportunity to offer all the evidence they believe relevant to the issues ... [and] in order that litigants may not be surprised on appeal by final decisions there of issues upon which they have had no opportunity to introduce evidence." *Singleton v. Wulff,* 428 U.S. at 120, 96 S.Ct. at 2877 (quoting *Hormel v. Helvering,* 312 U.S. 552, 556, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941)). However, "there are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt, or where 'injustice might otherwise result.' " *Salvation Army,* 919 F.2d at 196 (citations omitted).

Hutchins contends that the exceptions articulated in *Singleton v. Wulff* do not apply. She also contends that there has been no critical intervening development in the law, such as occurred in *Salvation Army,* that could not have been presented to the Bankruptcy Court. Specifically, she notes that the case on which Commonwealth relies was issued April 9, 1993 and amended June 21, 1993, following extensive litigation. *See Stendardo v. Federal Nat'l Mortgage Ass'n,* 991 F.2d 1089 (3d Cir.1993). She further notes that the merger theory had been litigated intensively in this Circuit prior to the filing of this action. *See, e.g., First Nat'l Fidelity Corp. v. Perry,* 945 F.2d 61 (3d Cir.1991); *In re Presque Isle Apartments, L.P.,* 112 B.R. 744 (Bankr.W.D.Pa.1990).

■ Commonwealth could have raised the merger argument in bankruptcy court but failed to do so. Therefore, Commonwealth has waived its right to raise this issue on appeal.

An appropriate Order follows.

### *ORDER*

AND NOW, this 17th day of March, 1994, upon consideration of the record on appeal (Document No. 1), as well as the appellate brief of Commonwealth Mortgage Corporation (Document No. 4), the appellate brief of Helen T. Hutchins (Document No. 5), and for the reasons set forth in the foregoing memorandum, it is hereby ORDERED that the decision of the Bankruptcy Court in the above-captioned bankruptcy allowing the bifurcation of Commonwealth Mortgage Corporation's claim into secured and unsecured component is AFFIRMED.