John M. LUTZ, Appellant,

v.

MIAMI VALLEY BANK, Appellee,

Gary J. Gaertner, Trustee.

Civil A. No. 94–558.

United States District Court,
W.D. Pennsylvania.

Feb. 10, 1995.

Robert L. Damewood, Northwestern Legal Services, Farrell, PA, for John M. Lutz.

Mark G. Claypool, Knox, McLaughlin, Gornall & Sennett, Erie, PA, for Miami Valley Bank.

Gary Gaertner, Trustee, Pittsburgh, PA.

### OPINION AND ORDER OF COURT

AMBROSE, District Judge.

Pending before the Court is the Appeal of Debtor, John M. Lutz, from a final Order of the United States Bankruptcy Court for the Western District of Pennsylvania which denied Lutz's Motion for Valuation of a Secured Claim. Jurisdiction is based on 28 U.S.C. § 158(a). For the reasons set forth below, the Order of the Bankruptcy Court will be reversed.

Lutz executed a Mortgage Note and Mortgage in October, 1985, to obtain a Veterans Administration guaranteed residential first mortgage loan in the amount of $15,000.00. This mortgage was for the property located at 446 Frank Street in Sharon, Pennsylvania. At the present time the Miami Valley Bank ("the Bank") holds the Note and Mortgage to this property.

In October of 1990 Lutz defaulted on the note. On July 12, 1991, the Bank obtained a default judgment in mortgage foreclosure for $17,318.75. On September 13, 1991, Lutz filed a voluntary Petition under Chapter 13 of the Bankruptcy Code.

During the pendency of the bankruptcy proceedings, Lutz filed a Motion for Valuation of a Secured Claim. Lutz argued that because the Bank held a security interest in personalty as well as his principal residence, that he was entitled to bifurcate the Bank's claim, pursuant to 11 U.S.C. § 506[1], into a

---

1. 11 U.S.C. 506 provides:
   a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estates interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim ...
   11 U.S.C.A. § 506 (1993).

secured portion (the fair market value of the residence) and an unsecured portion (the balance of the amount of the mortgage less the fair market value of the residence).

On February 26, 1994, the bankruptcy court denied Lutz's Motion, holding 1) the Bank's secured claim was secured only by an interest in real property that is the debtor's principal residence, and not by personalty and 2) bifurcation of the claim was not allowed pursuant to the anti-modification provision of 11 U.S.C. § 1322(b)(2).

■ In instances of an appeal from a bankruptcy court, a district court's scope of review is well settled. A bankruptcy court's findings may only be set aside if they are clearly erroneous. *Sapos v. Provident Inst. of Sav.*, 967 F.2d 918, 922 (3rd Cir.1992); *In re Sharon Steel Corp.*, 871 F.2d 1217, 1222 (3rd Cir.1989). In addition, a bankruptcy court's legal conclusions are subject to plenary and de novo review by a district court on appeal. *Id.*

The bankruptcy court, in denying Lutz's Motion for Valuation of a Secured Claim relied upon *Nobelman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). The court also examined §§ 506(a) and 1322(b)(2) of the Bankruptcy Code, applicable federal law, and state law in coming to its final conclusion.

■ The issue presented in this appeal is whether the bankruptcy court erred in concluding that the Bank's first mortgage lien is a claim secured only by a security interest in real property that is the debtor's principal residence, as provided in the meaning of 11 U.S.C. § 1322(b)(2) [2]. Lutz argues that the language in the Mortgage which grants the Bank a security interest in "improvements and fixtures," "additions or improvements," and "rents, issues and profits" is actually providing the Bank with an interest in addition to his principal residence. Lutz argues that the claim is not protected from modification under § 1322(b)(2) and can be bifurcated as provided for in § 506. The Bank's contrary argument is that items such as "im-

provements and fixtures," "additions or improvements," and "rents, issues, and profits", are considered to be incident to the property interest in real estate and therefore are part of the Debtor's realty, and not 'additional' personal property.

The Supreme Court held in *Nobelman* that when a lender's claim is secured only by a lien on the debtor's principal residence, 11 U.S.C. § 1322(b)(2) prohibits the utilization of § 506 to "cram down" the amount of the Bank's security interest in the property to the fair market value of the property.

We must consider, therefore whether the additional interests of "improvements and fixtures," "additions or improvements", and "rents, issues and profits" provided in the Mortgage should be considered realty or personalty. If these interests are considered part of Lutz's realty then the antimodification provision of 11 U.S.C. § 1322(b)(2) would apply. If these interests are considered security that is in addition to Lutz's principal residence, or personalty, then Lutz is entitled to use 11 U.S.C. § 506 to bifurcate the claim.

The Mortgage in question provides the Bank with a security interest in Lutz's residence,

> Together with all and singular the buildings, *improvements and fixtures* on said premises, as well as all *additions or improvements* now or hereafter made to said premises, ... *rents, issues, and profits* thereof, and in addition thereto the following described household appliances, which are and shall be deemed to be fixtures and are a portion of the security for the indebtedness herein mentioned, namely, [no personal property itemized] provided, however that the Mortgagor shall be entitled to collect and retain the said rents issues, and profits until default hereunder.

Reply Brief in Opposition to Debtor's Motion for Secured Claim at Exhibit A. (emphasis added)

Lutz argues that the interests in "improvements and fixtures", "additions and improvements," and "rents, issues, and profits" are

---

**2.** 11 U.S.C. 1322 provides:
(b) ... the plan may (2) modify the rights of holders of secured claims, other than a claim

secured only by a security interest in real property that is the debtor's principal residence.

interests in addition to the principal residence and therefore personalty.

In assessing the validity of Lutz's argument, this Court is bound by the decision of the Third Circuit Court of Appeals in *Sapos v. Provident Inst. of Sav. In Town of Boston,* 967 F.2d 918 (3rd Cir.1992). In *Sapos,* the Bank's mortgage gave the Bank a security interest not only in real property, but also in certain personal property and, additionally, enumerated rents. *Id.* at 922. The Court of Appeals held that the Chapter 13 debtor could strip down a mortgage lien when rents, among other things, were included as additional security in the mortgage. *Id.* at 925–26.

In this case, the inclusion of the phrase "rents, issues and profits" in the mortgage brings it within the ambit of the *Sapos* holding. Although the bankruptcy court attempted to distinguish the instant case from *Sapos* by disagreeing with its conclusion that "wall-to-wall carpeting, rents, and profits" are personalty, this Court does not feel free to do the same. *Sapos* is controlling on all courts in the Third Circuit. *See Hammond v. Commonwealth Mortgage Co. of America (In re Hammond),* 156 B.R. 943 (E.D.Pa. 1993); *Taras v. Commonwealth Mortgage Co. of America (In re Taras),* 136 B.R. 941 (Bankr.E.D.Pa.1992); *Hirsch v. Citicorp Mortgage Corp. (In re Hirsch),* 155 B.R. 688 (Bankr.E.D.Pa.1993); *Wilson v. Commonwealth Mortgage Corp.,* 895 F.2d 123 (3rd Cir.1990).

Therefore, since the language of this mortgage includes rents as collateral and since rents have been held to constitute personalty, the mortgage in question does not qualify under § 1322(b)(2) and can be modified by the Debtor, John M. Lutz.

### *ORDER OF COURT*

**AND NOW,** this 10th day of February, 1995, after careful consideration and for the reasons set forth in the Opinion accompanying this Order, it is hereby **ORDERED** that the Appeal of John M. Lutz is **GRANTED;** that Judgment is entered in **FAVOR** of John M. Lutz and **AGAINST** Miami Valley Bank; and that the case is remanded to the bank-ruptcy court *forthwith* for further proceedings in accordance with the foregoing.