**In re Bridgett BERNHARDT a/k/a Bridgett Hall, Debtor.**

**Bridgett BERNHARDT and Edward Sparkman, Standing Trustee, Plaintiffs,**

**v.**

**COMMONWEALTH MORTGAGE CORPORATION OF AMERICA, Defendant.**

**Bankruptcy No. 95–11005DAS.**
**Adv. No. 95–0477DAS.**

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 27, 1995.

John T. Tolbert, Aston, PA, for Debtor.

Joseph Diorio, Philadelphia, PA, for Defendant–Commonwealth Mortgage Corporation of America.

Dean R. Prober, Polk, Scheer & Prober, Tarzana, CA, for Defendant–Commonwealth Mortgage Corporation of America.

Edward Sparkman, Standing Chapter 13 Trustee, Philadelphia, PA.

## MEMORANDUM

DAVID A. SCHOLL, Chief Judge.

The instant proceeding is in many ways reminiscent of the proceeding before us in *In re Taras,* 136 B.R. 941 (Bankr.E.D.Pa.1992). Like *Taras,* it represents a proceeding brought by a debtor, based upon 11 U.S.C. § 506, to bifurcate the claim of an undersecured mortgage into secured and unsecured portions. Secondly, as in *Taras,* it involves parties who previously litigated the same issues in a previous bankruptcy case, Adversary No. 94–0127DAS ("the 1994 Proceeding"), arising out of Bankruptcy No. 94–10483DAS ("the 1994 Case"). One distinction is that the earlier *Taras* case was converted from a Chapter 7 case to a Chapter 13 case, rather than dismissed, as was the 1994 Case of the instant Debtor. As a result, in contrast to *Taras,* the decision in the 1994 Proceeding is arguably not *res judicata* as to this proceeding, since the dismissal vacated the Order entered on the 1994 Proceeding. *See* 11 U.S.C. § 349(b)(1)(C).

The third similarity with *Taras* is that, subsequent to the decision in the 1994 Proceeding, there have been intervening controlling appellate decisions on the relevant subject matter. The issue in *Taras* was whether the intervening decisions in *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992); and *First Nat'l Fidelity Corp. v. Perry,* 945 F.2d 61 (3d Cir.1991), eliminated the otherwise *res judicata* effect of the earlier *Taras* decision. However, the intervening decisions in issue here, *In re Johns,* 37 F.3d 1021 (3d Cir.1994); and *In re Hammond,* 27 F.3d 52 (3d Cir.1994), have both *supported* the result in the 1994 Proceeding rather than, in the case of *Taras,* arguably undermining the earlier decision. Therefore, it appears logical to conclude that principles of both *res judicata* and *stare decisis* converge in support of the instant Debtor.

■ Nevertheless, the Defendant argues vigorously presses arguments to the contrary. First, the Defendant contends that its security interest in the Debtor's "range/oven," which is "deemed to be [a] fixture[s]" under the terms of the mortgage, and in the Debtor's "rents, issues, and profits," do not constitute "real" security interests in addition to that taken in the Debtor's residence, such as is necessary to remove the protections of 11 U.S.C. § 1322(b)(2). In addressing this argument, the Defendant suggests that we should not follow the decision in a proceeding on "all fours" with the instant proceeding in *Sapos v. Provident Institution of Savings in Town of Boston,* 967 F.2d 918, 925–26 (3d Cir.1992), because *Sapos* is purportedly inconsistent with the subsequent decision in *Nobelman v. American Savings Bank,* —— U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). However, we note that *Johns, supra,* 37 F.3d at 1024; and *Hammond, supra,* 27 F.3d at 55–57, have specifically held that *Sapos* survives *Nobelman* on this issue. It also argues that the merger of the Debtor's mortgage with the pre-petition foreclosure judgment which it obtained against the Debtor, as was recognized in different circumstances in *In re Stendardo,* 991 F.2d 1089, 1094–97 (3d Cir.1993), should eliminate any security interest taken in the Debtor's personalty. In so arguing, the Defendant fails to cite and apparently is unaware that *Johns, supra,* 37 F.3d at 1024–25, expressly rejects this argument.

■ Irrespective of the *res judicata* effect of the 1994 Proceeding on the matters at issue in the instant proceeding, the principles of *stare decisis* commands that we follow *Johns, Hammond,* and *Sapos* "unless and until the Supreme Court directs to the contrary." *Taras, supra,* 136 B.R. at 948. *Accord, In re Gelletich,* 167 B.R. 370, 374–77 (Bankr.E.D.Pa.1994); and *In re Hirsch,* 155 B.R. 688, 690–91 (Bankr.E.D.Pa.1993), *rev'd,* 166 B.R. 248 (E.D.Pa.1994), *overruled, Hammond, supra. Sapos* held that, when a mortgagee took a security interest in wall-to-wall carpeting which was, under the terms of the mortgage, deemed to be a fixture, and in rents, issues, and profits, its mortgage lost the protection of § 1322(b)(2). 967 F.2d at 922, 924–25. The clause found to have effected a security interest of the mortgagee in the debtor's personalty in addition to the debtor's residence in *Sapos* was therefore nearly or precisely verbatim to the clause at issue

here, except that "range/oven" is substituted for "wall to wall carpeting." If anything, a security interest taken in wall to wall carpeting presents a better case for the mortgagee than the instant case, where a security interest is taken in the Debtor's range/oven, because wall to wall carpeting is generally considered to be a fixture under applicable Pennsylvania law. *See Hirsch, supra,* 155 B.R. at 691 & n. 1. Meanwhile, the "range/oven" in the Debtor's home, which the parties stipulated was neither attached to the walls nor bolted to the floor and was capable of being pulled out and replaced, rather clearly would not generally be considered as a fixture under the applicable state law. *See id.*

We are aware that the court in *In re Lutz,* 164 B.R. 239, 242 (Bankr.W.D.Pa.1994) (BENTZ, J.), apparently refused to follow *Sapos* on this point. However, as we indicated in *Gelletich, supra,* 167 B.R. at 375–76 n. 3; *accord, In re Heckman,* 165 B.R. 16 (Bankr.E.D.Pa.1994) (COSETTI, J.), "*Sapos* is controlling on all district and bankruptcy courts in this Circuit unless overruled."

The parties stipulated to the same values of the Debtor's realty and personalty as they did in connection with the 1994 Proceeding. We will therefore enter an Order which effects the same practical result as our Order deciding that Proceeding.

### ORDER

AND NOW, this 27th day of September, 1995, upon consideration of the Stipulation of Facts submitted in open court on September 21, 1995, which the parties agreed would constitute the record in this proceeding, and the Memorandum of Law submitted by the Defendant, it is hereby ORDERED AND DECREED as follows:

1. Judgment is entered in favor of the Plaintiffs, BRIDGETT BERNHARDT ("the Debtor") and EDWARD SPARKMAN, Standing Trustee ("the Trustee"), and against COMMONWEALTH MORTGAGE CORPORATION OF AMERICA ("the Defendant").

2. Pursuant to 11 U.S.C. § 506(a), the claim of the Defendant is bifurcated into secured claim of the agreed value of the Debtor's residence and personalty situated at 1013 Barker Road, Sharon Hill, Pennsylvania 19079 ("the Home"), of $25,500, and an unsecured claim for the $33,644.09 balance of the Defendant's foreclosure judgment of $59,-144.09 (*see* Complaint, ¶ 4, and Answer admitting the allegation), which we will deem the amount of its proof of claim pursuant to 11 U.S.C. § 506(a), as long as the Debtor satisfies the conditions of paragraph 4 *infra* of this Order. If the Debtor does not do so, this judgment shall be null and void and of no effect whatsoever.

3. A hearing to further consider confirmation of the Debtor's most recent Amended Plan, filed on or about September 21, 1995, is scheduled on

THURSDAY, OCTOBER 19, 1995, AT 9:30 A.M. and shall be held in Bankruptcy Courtroom No. 4 (Room 3620), Third Floor, United States Court House, 601 Market Street, Philadelphia, PA 19106.

4. A feasible Plan must be fully confirmed on October 19, 1995, or shortly thereafter, and the Debtor must ultimately be duly discharged in this case, for the within judgment Order to remain in effect.